NOTICE

Decision filed 12/15/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250741-U

NO. 5-25-0741

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 25-CF-199 |
| | ) | |
| JOHN W. FINNEY, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's orders granting the State's verified petition to deny pretrial release and denying the defendant's motion for relief are affirmed.

¶ 2    The defendant, John W. Finney, appeals the September 3, 2025, order of the trial court of Jefferson County that granted the State's petition to deny pretrial release and the September 10, 2025, denial of his motion for relief and immediate release. The defendant filed a timely notice of appeal, and the Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. In the defendant's memorandum, he argues that the State did not meet the clear and convincing standard that he is a risk to public safety and a flight risk, and, therefore, the trial court erred. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4       On September 2, 2025, the defendant was charged by information with three counts of first degree murder, a Class M felony. 720 ILCS 5/9-1(a)(1) (West 2024). The defendant was arrested on September 2, 2025. The same day, the State filed a verified petition to deny pretrial release. The petition alleged that the defendant should be denied pretrial release because the defendant is charged with a forcible felony and is a flight risk. 725 ILCS 5/110-6.1(a)(1.5), (8) (West 2024). Further, the petition alleged the defendant's release would pose a real and present threat to the safety of any person or persons or the community, and no less restrictive means exist which would guarantee the defendant's compliance. *Id.* § 110-6.1(a)(1.5)

¶ 5       On September 3, 2025, the trial court heard the State's petition to deny pretrial release. The State proffered that, if this case went to trial, Detective Titzer of the Jefferson County Sheriff's Office would testify that, on September 1, 2025, at approximately 8 p.m., he was contacted by Captain Corey Waide, also of the Jefferson County Sheriff's Office. Captain Waide had advised Detective Titzer that he had received a call from a witness, Collin Bradham. Bradham informed dispatch that the defendant had come to his residence and had confessed that he shot and killed his wife, Amy Finney. Bradham also gave a statement to dispatch indicating that he had personally observed the defendant's wife deceased and wrapped in a blanket in the back of the defendant's vehicle. Detective Titzer had received information that members of law enforcement were attempting to locate the defendant's vehicle and had been told that the defendant might be attempting to dispose of his wife's body in Rend Lake. Detective Titzer was en route to Jefferson County when he received a dispatch call advising that the defendant had been stopped by law enforcement in Perry County, Illinois. When at the scene of the arrest, Detective Titzer was notified that a deceased body had been found in the back of the defendant's vehicle.

2

¶ 6    Around the time of the arrest, the defendant's house was searched; officers seized three pistols, including the apparent murder weapon, and other forensic evidence. Officers interrogated the defendant both at the scene and later at the station. The defendant said that, on the day in question, his wife had been yelling at him all day, and they were both intoxicated. After she, on the phone, described the defendant as her "piece of s*** husband," he became enraged and shot her in the back. At 4 a.m. on September 2, 2025, he wrapped the body in a blanket and put it in the back of his vehicle.

¶ 7    The State then proceeded by argument. The defendant was charged with three theories of murder, including first degree murder. The defendant does not have an extensive criminal history but had been charged with a 2010 conviction for misdemeanor domestic battery; a 2008 court supervision disposition for disorderly conduct, a Class C misdemeanor; and court supervision disposition for DUI on a water vessel in 2004, a Class A misdemeanor. The State maintained that this is a confession case, in which the defendant's confession was recorded and corroborated by the crime scene and by evidence recovered from his vehicle and residence. Further, the likelihood of success at trial is high, and the defendant is a flight risk, given the particular facts of the case. For these reasons, there is no condition or combination of conditions that would ensure the defendant's presence at further court dates or for trial.

¶ 8    The defense counsel proffered that the defendant is 51 years old, he has lived in Mount Vernon, Illinois, for five years, and in the Jefferson County region for his whole life, he has family ties in Jefferson County, and he is a high school graduate with a year of college. At the time of his arrest, he was employed at Beelman Trucking. He was not on probation, bond, or pretrial release at the time of his arrest, and has never been sentenced to the Illinois Department of Corrections

3

penitentiary. Further, several years ago, he had one failure to appear. Lastly, he would be willing to submit to any conditions of pretrial release.

¶ 9 The trial court found that the State had met its burden under the clear and convincing standard of evidence. The trial court acknowledged that the defendant has strong family ties in the area, was employed at the time of his arrest, has no prior felony convictions, was not on probation or pretrial release, and legally owned the firearm with a FOID card. However, due to the seriousness of the charge, the circumstances surrounding the offense, such as driving with the body in the back of his vehicle, and the likelihood of conviction at trial, there is a higher likelihood of flight. The record reflects that on September 3, 2025, both a docket entry was made as well as an oral pronouncement, which stated that the State's petition to deny pretrial release is granted. The trial court entered a written *nunc pro tunc* order for detention on September 10, 2025.

¶ 10 On September 4, 2025, the defendant filed a motion for relief and immediate pretrial release. See Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024). The defendant's motion for relief stated, *inter alia*, as follows:

"5. Following the 9/3/25 hearing, the Court made the following findings by clear and convincing evidence:

a. The proof is evident or the presumption great that the defendant has committed a qualifying offense;

b. The defendant poses a real and present threat to the safety of any person or person or the community, based on the specific articulable facts of the case;

c. No condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons;

4

6. The Court erred in granting the State's Petition to Deny Pre-Trial Release at said hearing, in that the State failed to meet its burden of proving by clear and convincing evidence any of the above in that:

a. The Court failed to fully consider Defendant's ties to the community and the fact that he is a life-long resident of Southern Illinois.

b. The Court failed to fully consider Defendant's willingness to abide by any terms of pre-trial release.

c. The Court failed to fully consider Defendant's employment opportunities.

d. The Court failed to fully consider lack of criminal history."

¶ 11    On September 10, 2025, by agreement of the parties, the trial court jointly heard the preliminary hearing and the defendant's motion for relief. The State called Detective Titzer of the Jefferson County Sheriff's Office to testify. Titzer testified that on September 2, 2025,[1] the sheriff's department received a call from the defendant's friend, Bradham, reporting that the defendant had killed his wife and had her body in the back of his vehicle. The defendant's vehicle was stopped by the Christopher Police Department, where the wife's body was discovered along with a concrete block and an extension cord. Titzer soon thereafter arrived on the scene and interviewed the defendant, who confessed to the murder of his wife. The defendant advised that he had shot his wife at his residence, and the firearm was still in the home; the firearm was later found inside the home. Upon arrival at the Jefferson County Sheriff's Office, the defendant again confessed to killing his wife.

---

[1]On occasion, the events that occurred on September 2, 2025, are mistakenly said to have taken place on September 1, 2025.

¶ 12    On cross-examination, Titzer testified that the defendant was cooperative with the police and did not resist arrest. Upon the close of evidence, the trial court found that the State had met its burden of establishing probable cause that a felony had been committed.

¶ 13    The trial court then heard arguments on the defendant's motion for relief. Defense counsel proffered the same background on the defendant as in the prior detention hearing on September 3, 2025. The State argued many of the same arguments as in the September 3, 2025, hearing. The State also referenced the testimony the trial court heard from Detective Titzer about the discovery of the body, the blue blanket used to wrap the body, and the cinder block and extension cords. The State emphasized that this is a confession case, and due to the nature of the offense and the defendant's actions after the commission of the crime, wrapping the victim's body in a blanket and driving the body in his vehicle, and the potentially substantial sentencing length, he poses a flight risk, and conditions or a combination of conditions would not be appropriate here.

¶ 14    Upon the conclusion of the hearing, the trial court denied the defendant's motion for relief. The trial court noted that the evidence presented was substantially similar to that presented at the original detention hearing, with the addition of Detective Titzer's testimony heard at the jointly held preliminary hearing. The trial court found that after considering everything presented, the defendant posed a flight risk due to the substantial sentencing length, a minimum sentence of 45 years, and the strong amount of evidence for the State. The trial court also noted that it found the defendant to be a danger to the public, a possible danger to himself, and to Bradham, who reported the crime to law enforcement.

¶ 15                                II. ANALYSIS

¶ 16    On appeal, OSAD was appointed to represent the defendant. The defendant filed a memorandum in support of his appeal pursuant to Rule 604(h). The defendant's memorandum

argues that the trial court erred in finding that the State met its burden of proving that the defendant posed a real and present threat to the safety of any person or persons or the community. Further, the defendant argued that the State failed to meet its burden that the defendant is a flight risk.

¶ 17   Because the defendant's motion for relief did not assert an argument that the defendant is not a flight risk, and the defendant's memorandum did not assert an argument regarding whether the proof is evident or presumption great that he committed a qualifying offense, both issues are waived under Rule 604(h)(2):

> "As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

As such, we only consider the remaining issue of the defendant's danger to a person or community as a whole and whether any condition or conditions could mitigate the threat of danger.

¶ 18   Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely, verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the

defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 19    Our standard of review of pretrial release determinations is twofold. Where the parties to a pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the trial court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54. However, where the trial court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *Id.* "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). In light of the live testimony of Detective Titzer, we review the evidence under the manifest weight standard.

¶ 20    The defendant's memorandum asserts that no live testimony was taken in this matter; however, that assertion is inaccurate. Detective Titzer provided live testimony at the preliminary hearing, which was conducted concurrently with the hearing on the defendant's motion for relief. Moreover, the trial court expressly stated that it relied upon Detective Titzer's testimony in determining that the defendant's motion for relief should be denied.

8

¶ 21    We have thoroughly reviewed the record on appeal in this matter, including the initial detention hearing and the motion for relief hearing. The record reflects that the defendant's criminal history is not substantial and includes no prior felony convictions. The trial court also noted that the defendant was not on pretrial release or parole at the time of the offense, is a high school graduate, was gainfully employed at the time of the offense, and has significant family ties within the community. However, the trial court also considered the grave nature of the offense, the defendant's actions following the commission of the offense, including driving with the victim's body in the back of his vehicle, and the potential for a lengthy sentence upon conviction.

¶ 22    Based on these facts, the trial court found that no condition or combination of conditions, including home confinement and electronic monitoring, could reasonably mitigate the danger the defendant posed to the victim's family and the community. An opposite conclusion is not clearly evident or the finding itself is not unreasonable, arbitrary, or not based on the evidence presented. Therefore, we find that the trial court's decision to detain the defendant was not against the manifest weight of the evidence. *Morgan*, 2025 IL 130626, ¶¶ 38, 43.

¶ 23                                  III. CONCLUSION

¶ 24    Based on the foregoing reasons, we affirm the trial court of Jefferson County.

¶ 25    Affirmed.